UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Maria Dolores Diaz**<br><br>        Plaintiff,<br><br>    v.<br><br>**HTN Tofu, Inc.**<br>d/b/a Thanh Son Tofu<br><br>a Virginia corporation,<br><br>    Serve:  Ngoc Hanh Thi Trinh, Registered Agent<br>            2039 Hillside Drive<br>            Falls Church, VA 22043<br><br>and **Ngoc Hanh Thi Trinh**,<br><br>        Defendants | JURY TRIAL DEMANDED<br><br>Case No.: 1:19-cv-1304 |

## **COMPLAINT**

**Preliminary Statement**

1. For nearly ten years, Plaintiff Maria Dolores Diaz worked preparing customer orders for HTN Tofu, Inc. ("Thanh Son Tofu"), a Vietnamese take-out restaurant. But despite working over 40 hours every week or nearly every week that she worked there, Ms. Diaz was never paid overtime. And for her last day of work, she was paid no wages at all.

2. Ms. Diaz now brings suit against her former employers: HTN Inc., doing business as Thanh Son Tofu, and its CEO Ngoc Hanh Thi Trinh.

3. Ms. Diaz's claims arise from Defendants' failure to pay overtime and minimum wages as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA").

1

**Jurisdiction and Venue**

4. The Court has subject-matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) (private right of action) and 28 U.S.C. § 1331 (federal question).

5. The Court has personal jurisdiction over Defendant Thanh Son Tofu because (1) the company has its principal place of business and its registered address in Virginia; (2) as Ms. Diaz's joint employer, the company's acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint.

6. The Court has personal jurisdiction over Defendant Trinh because (1) she is the manager and CEO of Thanh Son Tofu and was present at Thanh Son Tofu almost every day for the duration of Plaintiff's employment; (2) as Plaintiff's joint employer, her acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint; and (3) on information and belief, she is a Virginia resident.

7. Venue is proper in the Eastern District of Virginia because (1) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there and (2) on information and belief, all Defendants reside there. *See* 28 U.S.C. §§ 127(a) and 1391(b)(1)–(2).

**PARTIES**

8. Defendant HTN Tofu, Inc. is a Virginia corporation doing business under the name "Thanh Son Tofu." It is a carry-out restaurant specializing in Vietnamese food and drinks.

9. Thanh Son Tofu's physical address is 6793 Wilson Blvd., Falls Church, VA 22044, in the "Eden Center" Vietnamese shopping plaza. Its registered address is 2039 Hillside Drive, Falls Church, VA 22043.

10. On information and belief, the gross annual business volume of Thanh Son Tofu exceeded $500,000 at all relevant times.

11. Defendant Ngoc Hanh Thi Trinh is the registered agent and CEO of Thanh Son Tofu. On information and belief, she is a resident of Virginia.

12. On information and belief, at all relevant times, Defendants had at least two employees who were engaged in interstate commerce, or who handled, sold, or otherwise worked on goods or materials that moved in interstate commerce.

13. Plaintiff Maria Dolores Diaz is an adult resident of Fairfax County, Virginia.

## FACTS

### Plaintiff's Work Generally

14. Plaintiff Diaz worked at Thanh Son Tofu from around 2009 until around July 4, 2016. Ms. Diaz then returned to her job at Thanh Son Tofu around February 2017 and continued working there until around September 1, 2019.

15. Ms. Diaz's duties remained the same throughout her employment. Every day, she prepared drinks before the restaurant opened and cleaned the restaurant after closing. While the restaurant was open, she served customers: her duties including taking customer orders, retrieving food from the kitchen, boxing up orders, taking orders to the cash register to be rung up by a cashier, and performing general customer-service duties.

16. Defendant Trinh hired Ms. Diaz, both when she was originally hired in 2009 and when she was rehired in February 2017.

17. Defendant Trinh was typically present in the restaurant at least five days a week and acted as manager. On information and belief, she was responsible for the restaurant's day-to-day operation.

18. When Ms. Diaz started working at Thanh Son Tofu, her fellow workers showed her how to perform her daily tasks and she quickly became proficient in her duties.

19. Ms. Diaz would begin work each day at about 9:45 a.m., preparing drinks and readying the restaurant for opening at 10:00 a.m. Then from 10:00 a.m. opening until about 8:30 p.m. closing, Ms. Diaz would serve customers. When the restaurant closed at 8:30 p.m., Ms. Diaz would clean the restaurant until about 9:00 p.m.

20. Except for her very last day, Ms. Diaz worked the same daily hours throughout her employment at Thanh Son Tofu: 9:45 a.m. to 9:00 p.m., or 11.25 hours per workday.

21. On her very last day, Ms. Diaz worked from 9:45 a.m. to 8:30 p.m.

22. From the time she was hired in 2009 to around July 2016, Ms. Diaz worked six days a week.

23. From February 2017 until around July 2017, Ms. Diaz worked five days a week.

24. From around July 2017 until the end of her employment in September 2019, Ms. Diaz worked six days a week.

25. Ms. Diaz did not use any of her own tools or supplies; everything was provided by Defendants.

26. Ms. Diaz estimates that Defendants employed between 10 to 20 people at any given time over the course of her employment. Some of these other workers were Defendant Trinh's family members.

27. Defendant Trinh usually paid the employees' wages, including those of Ms. Diaz. On occasion Defendant Trinh's mother would pay Ms. Diaz, but it was usually Defendant Trinh who paid her.

28. If Ms. Diaz was ever sick or needed to miss work for some reason, the person she informed was Defendant Trinh. For example, Ms. Diaz informed Ms. Trinh when she contracted chicken pox in November 2018 and had to miss 12 days of work.

29. Defendant Trinh made the hiring and firing decisions for Thanh Son Tofu.

30. Defendant Trinh was present at the restaurant almost every day it was open. She was almost always there on Monday, Tuesdays, Wednesdays, Thursdays, and Sundays. She would sometimes come to the restaurant on Fridays or Saturdays, but sometimes she did not come on those days or would not stay as long as she did on the other days.

31. When Defendant Trinh was present at the restaurant, she would cycle between the kitchen and the main restaurant area, overseeing the employees' work and generally making sure that the restaurant was operating smoothly.

32. Ms. Diaz did not get a lunch break. She had to eat the lunch she brought to work each day as quickly as possible.

33. Ms. Diaz did not receive any holidays off. She also was not paid for any day that she had to miss during illness.

34. Ms. Diaz held no other jobs while working at Thanh Son Tofu. She did not have any supervisory duties at Thanh Son Tofu.

### Pay Practices and Pay Problems

35. Defendants paid Ms. Diaz on the first and fifteenth day of each month.

36. Ms. Diaz always received the same fixed amount per pay period. When she began working at Thanh Son Tofu, Defendants paid Ms. Diaz $900 per pay period. From around February 2017 until around July 2017, they paid her $1,000 per pay period. From

around July 2017 until the end of her employment around September 2019, they paid her $1,275 per pay period.

37. Ms. Diaz was paid the same fixed amount per pay period, regardless of whether there were 28, 30, or 31 days in the given month.

38. Defendants always paid Ms. Diaz exclusively in cash.

39. At no time during Ms. Diaz's employment did Defendants pay her a time-and-a-half hourly premium for any of the hours she worked beyond 40 in a given week, despite the fact that Ms. Diaz worked between 16.25 hours and 27.5 hours of overtime every week or nearly every week throughout her employment.

40. On information and belief, Defendants made no effort whatsoever to pay Ms. Diaz a time-and-a-half overtime premium even though it was patently obvious that Defendants were out of compliance with federal overtime law.

41. Defendants did not pay Ms. Diaz any wages for the 10.75 hours of work she performed on her very last day of employment on or around September 1, 2019.

**End of Plaintiff's Employment**

42. On or around September 1, 2019, Ms. Diaz asked Defendant Trinh if she could go back to working five days a week rather than six. Ms. Diaz noted that Defendant Trinh allowed some of Ms. Diaz's coworkers to work a five-day week, and that reminded Defendant Trinh that Ms. Diaz had been working at Tanh Son Tofu for nearly ten years. Defendant Trinh angrily refused and yelled that she did not care what Ms. Diaz wanted because it was she (Defendant Trinh) who made the rules. Ms. Diaz left Tanh Son Tofu and did not return.

## CLAIMS

### Fair Labor Standards Act, 29 U.S.C. §§ 201-209

43. At all times relevant to this action:

    a. Plaintiff Maria Dolores Diaz was Defendant's "employee" within the meaning of 29 U.S.C. § 203€(1);

    b. Defendants were Ms. Diaz's "employers" within the meaning of 29 U.S.C. § 203(d);

    c. Defendants "employed" Ms. Diaz within the meaning of 29 U.S.C. § 203(g); and

    d. Ms. Diaz was engaged in commerce, or was employed by Defendants in an enterprise engaged in commerce, within the meaning of 29 U.S.C. § 203(b).

### Failure to Pay Overtime Compensation
### 29 U.S.C. § 207

44. Defendants failed to pay Ms. Diaz a time-and-a-half overtime premium for all the hours that she worked beyond 40 in a workweek.

45. By failing to pay Ms. Diaz an hourly time-and-a half overtime premium, Defendants violated the FLSA's overtime provision, 29 U.S.C. § 207.

### Failure to Pay Minimum Wages
### 29 U.S.C. § 206

46. Defendants failed to pay Ms. Diaz any wages for the 10.75 hours of work she performed on her very last day of work, on or around September 1, 2019.

47. By failing to pay Ms. Diaz any wages for these hours, Defendants violated the FLSA's minimum-wage provision, 29 U.S.C. § 206.

## **REQUESTED RELIEF**

Wherefore, Ms. Diaz respectfully requests that this court provide the following relief:

48. Declare that the Defendants' FLSA violations were "willful," such that a three-year statute of limitations applies under 29 U.S.C. § 255(a);

49. Award Ms. Diaz her actual damages under the FLSA in the amount of all unpaid overtime and minimum wages, jointly and severally against all Defendants, in an amount to be proved at trial;

50. Award Ms. Diaz liquidated damages in an additional amount equal to her actual overtime and minimum-wage damages, jointly and severally against all Defendants, pursuant to 29 U.S.C. § 216(b);

51. Award Ms. Diaz her costs and reasonable attorney's fees, as provided by the Fair Labor Standards Act, 29 U.S.C. § 216(b), jointly and severally against all Defendants; and

52. Any other relief the Court deems just and proper.

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Nicholas Cooper Marritz                                      Date: October 10, 2019
Nicholas Cooper Marritz (VA Bar No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
T: (703) 778-3450
F: (703) 778-3454
E: nicholas@justice4all.org

*Counsel for Maria Dolores Diaz*